**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DANTE LINTON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-05-2859 |
| UNITED STATES MARSHAL SERVICE, *et al.* | : | |
| | : | |
| Defendants | | |

o0o
**<u>MEMORANDUM OPINION</u>**

Pending in the above-captioned civil action is Defendants' Motion to Dismiss or Summary Judgment. Paper No. 21. Plaintiff has filed a Response In Opposition. Paper No. 23. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted in part and denied in part.

Background

Plaintiff filed this action, seeking return of property pursuant to Fed. R. Crim. Proc. 41(g), claiming that during his arrest Defendants seized: $5,190 in currency from his residence at 5728 Utrecht Road; $55,000 in currency from a residence at 5641 Leiden Road; and a 1997 Ford Expedition which was parked at a motel on York Road in Baltimore County. He further claimed that he never received notice of any forfeiture actions against the seized property. He seeks an Order from this Court requiring the Drug Enforcement Agency (DEA) restart forfeiture proceedings based on the lack of notice. Papers No. 1 and 23.    Defendants acknowledge that administrative proceedings were initiated against $5,190 seized from the residence on Utrecht Road from Plaintiff's brother Marcus Linton, but deny any proceedings against the other property allegedly seized. Paper

No. 21. Defendants further state that notice was provided to Marcus Linton regarding proceedings against the $5,190 in currency. *Id*. Plaintiff admits that his brother Marcus Linton resided at the same address but asserts that the money belonged to him, not his brother. Paper No. 23. Plaintiff provides an affidavit from his brother stating that: both men lived in the house on Utrecht Road; the $5,190 belonged to Plaintiff; and notice regarding the proceedings against the currency was received by Marcus Linton, but he did not respond because it did not belong to him. *Id*. at Ex. 2.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A]

complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

Plaintiff has presented evidence that his 1997 Ford Expedition was seized on October 17, 2000. Paper No. 23 at Ex. A. Defendants assert that no administrative proceedings were ever initiated with respect to the car and provide no explanation regarding its disposition. Paper No. 21 at p. 3. Upon seizure of the vehicle, "the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in

3

no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a). While there are exceptions to the notice requirement, Defendants do not assert that those exceptions apply in the instant case. The Court finds there is a genuine dispute of material fact regarding the 1997 Ford Expedition, precluding summary judgment in Defendants' favor.

To be entitled to an order setting aside a forfeiture proceeding under 18 U.S.C. § 983(e):

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice;  and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

The undisputed facts in this case are: (1) forfeiture proceedings against $5,190 took place; (2) notice was provided to Plaintiff's brother; and (3) Plaintiff's brother admits to receiving notice of the proceedings. Defendants assert that there is no proof that Plaintiff was the "owner of the specified property" and that they had no reason to believe he had an interest in the property is required. Plaintiff submits an affidavit stating that he resided at 5728 Utrecht Road with his brother. Paper No. 23 at Ex. A. The fact that Plaintiff did not reside in the house alone does not erase all reason to believe that Plaintiff had an interest in at least some of the property contained therein. Therefore, the Court finds a genuine dispute of material fact exists as to whether Defendants had reason to believe that Plaintiff was entitled to notice concerning the $5,190 seized from Utrecht Road and failed to take reasonable steps to provide him with same. In addition, there is a genuine dispute of material fact regarding Plaintiff's knowledge as to the proceedings involving the Utrecht

4

Road seizures and his ability to file a timely notice.

There is no evidence presented by Plaintiff, other than his bald allegation, that $55,000 was seized from him by Defendants. Indeed, Plaintiff's failure to address any aspect of his claim to the $55,000 in his Opposition suggests he is abandoning that claim. Accordingly, the Motion for Summary Judgment as it pertains to this claim shall be granted.

A separate Order shall be entered in accordance with this Memorandum Opinion. A separate Scheduling Order shall follow.

July 31, 2006                                    /s/
Date                                             RICHARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE