**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DANTE LINTON                                                    :

    Plaintiff                                          :

    v.                                                 :          Civil Action No. RDB-05-2859

UNITED STATES MARSHAL SERVICE,        :
  *et al.*
                                                               :
    Defendants

o0o

## <u>MEMORANDUM OPINION</u>

    Pending is Defendants' Second Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.  Papers No. 34 and 37.  On August 1, 2006, this Court granted in part and denied in part Defendants' Motion for Summary Judgment.  Papers No. 27 and 28. The remaining claims at issue are: the alleged seizure of Plaintiff's 1997 Ford Expedition seized on October 17, 2000; and $5,190 seized from his residence at 5728 Utrecht Road.  *Id.*  For the reasons that follow, Defendants' Second Motion for Summary Judgment will be granted in part and Plaintiff's Cross Motion for Summary Judgment shall be denied.

Background

    Defendants assert that Plaintiff's 1997 Ford Expedition was in fact seized, but not by the Drug Enforcement Administration (DEA). Paper No. 34 at Ex. A.  The vehicle is currently in the custody of the Baltimore City Police Impound lot.  *Id.*  The declaration of Andrew Biniek states that he does not remember which law enforcement agency that actually seized the vehicle, but the DEA did not seize it.  *Id.*  Defendants assert that the 1997 Ford Expedition was never in the custody of federal authorities.  *Id.* at p. 3.

Plaintiff asserts that the lapse of memory regarding which law enforcement agency seized his vehicle is self-serving and unsupported by any evidence. Paper No. 37 at p. 2. Plaintiff takes issue with Defendants' characterization of the documentary evidence he submitted previously indicating that the vehicle was seized by federal authorities. *Id.*; *see also* Paper No. 23 at Ex. 1. Defendants assert that the document submitted by Plaintiff is hearsay and is not verified as a document kept in the regular course of business. Paper No. 34 at p. 3. Defendants do not, however, suggest that the document is not authentic. *Id.*

Defendants previously acknowledged that administrative proceedings were initiated against $5,190 seized from the residence on Utrecht Road and that notice was provided to Marcus Linton regarding proceedings against the $5,190 in currency. Paper No. 21. Plaintiff provided an affidavit from his brother Marcus stating that: both men lived in the house on Utrecht Road; the $5,190 belonged to Plaintiff; and notice regarding the proceedings against the currency was received by Marcus Linton, but he did not respond because it did not belong to him. Paper No. 23 at Ex. 2.

In their second Motion for Summary Judgment, Defendants claim that they have attempted to conduct a deposition of Marcus Linton in order to test the validity of his affidavit, but discovered that he no longer lived at the Utrecht Road residence. Paper No. 34. Defendants further assert that Marcus Linton filed a claim in this court stating that the money seized from Utrecht Road was his. *Id.* Defendants conclude that the affidavit of Marcus Linton should be stricken since he was unavailable for deposition and he has maintained a claim inconsistent with its contents. *Id.*

Plaintiff asserts that the fact that Marcus does not live at the Utrecht Road residence does not prove he never lived there, and submits the declaration of another brother, Mark Linton. Paper No.

2

36.   Mark Linton's declaration is virtually identical to that of Marcus Linton, however, Mark Linton's whereabouts are readily established inasmuch as he is incarcerated.  Paper No. 37.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979);   *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson*, 477 U.S. at 256.

3

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"  *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## Analysis

Defendants assert that this Court lacks jurisdiction to order the return of the 1997 Ford Expedition because the federal government was never in possession of the vehicle.  Paper No. 34 at p. 3, *citing inter alia, United States v. Solis*, 108 F. 3d 722 (7th Cir. 1997).  Special Agent Biniek states in his declaration that "the vehicle was not seized for Federal Forfeiture by the Drug Enforcement Administration."  Paper No. 34 at Ex. A.  Plaintiff asserts that Defendants have not established that they were never in possession of the vehicle, merely that Biniek cannot recall which authority actually seized the vehicle.  Paper No. 37 at p. 2.  Whether the vehicle was ever in the temporary possession of the DEA, however, is not material inasmuch as it is not currently in the DEA's possession.  This Court has no jurisdiction to require Defendants to relinquish possession

of something they do not have.  Defendants are, therefore, entitled to summary judgment in their

favor with respect to the vehicle.  Plaintiff's Motion for Summary Judgment with respect to his

claim for the vehicle will be denied.

Defendants assert that the $5,190 in currency seized from 5728 Utrecht Road has not been

established as belonging to Plaintiff.  Paper No. 34 at p. 4.  They claim the affidavit of Plaintiff's

brother, Marcus Linton, is unreliable because he "filed his own return of property motion about the

same money seized at his residence, against the same defendants."  *Id*. at pp. 4– 5.  In addition,

Defendants assert that the veracity of the affidavit submitted could not be tested by deposition

because Marcus Linton could not be located.  *Id*.

The civil action filed by Marcus Linton concerned currency in the amount of $1,030 which

was found and seized from inside a tennis shoe.  *See Linton v. United States Marshal Service*, Civil

Action No. WDQ-05-1113 (D. Md. 2005).  Because Marcus Linton alleged that the money seized

belonged solely to him, Defendants assert that the previously-submitted affidavit is wholly

unreliable.  Paper No. 34 at p. 5.  Plaintiff has now submitted an affidavit from another brother,

Mark Linton, asserting that the $5,190 in currency belonged to Plaintiff.  Paper No. 36.  Marcus

Linton's claimed ownership of $1,030 in currency seized from the same house does not directly

conflict with Plaintiff's claimed ownership of $5,190 that is the subject of the instant case.  There

is no evidence before the Court concerning the total amount of cash seized from the residence or the

location of each amount of currency seized.   To the extent that Marcus Linton is unavailable for

deposition and could not be located at the Utrecht Road address, Defendants' motion to strike the

affidavit shall be denied.  Defendants provide no evidence or argument that the unavailability of

Marcus Linton falls within the requirements of Fed. R. Civ. Proc. 37.  Moreover, this Court has not

relied on the affidavit to find as an established fact that the $5,190 belongs to Plaintiff.  Rather, this Court previously concluded that there is a genuine dispute of material fact regarding the currency. The additional evidence presented by Defendants has not removed that genuine dispute of material fact from this case, and thus Defendants' Motion for Summary Judgment regarding the money must be denied.

By separate Order which follows, Defendants' Motion for Summary Judgment shall be granted in part and denied in part; Plaintiff's Motion for Summary Judgment shall be denied, and counsel for Defendants shall be required to contact chambers to schedule an evidentiary hearing in this matter.  Further, Plaintiff is advised that if he wishes to have counsel to represent him in this matter he must file a Motion for Appointment of counsel.


October 23, 2006                                          /s/
_____                         _____
Date                                                          RICHARD D. BENNETT
                                                              UNITED STATES DISTRICT JUDGE